# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**JEROME EARL FRANKLIN**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:21-CV-P90-TBR**

**CHRISTIAN COUNTY FISCAL COURT et al.**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Jerome Earl Franklin initiated this 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, Plaintiff's action will be dismissed in part and allowed to continue in part, and Plaintiff will be given an opportunity to amend his complaint.

## I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Christian County Jail (CCJ), sues the Christian County Fiscal Court; Advance Healthcare Medical; and, in their official capacities, Jailer Brad Boyd, Colonel Steve Howard, Lieutenant Fuller, Sergeant Blick, Sergeant Shermen, and Deputy Cruchfield.  He raises claims under the Americans with Disabilities Act (ADA) and Title II of the Civil Rights Act (CRA).  He also alleges violations of the Fourth, Eighth, and Fourteenth Amendments.

Plaintiff states that he has a diagnosis of bipolar disorder and paranoid schizophrenia and that he is an African American man.  He also states that the medication he is prescribed, which includes medication for his mental health issues as well as asthma, "always keeps [him] dehydrated and urinating a lot."

Plaintiff alleges that June 5-7, 2021, he was forced to stay in a cell, 922B, in which the sink did not work; the toilet did not flush; there was toilet water on the floor; and the air conditioning was not working, resulting in a "temperature close to 80 degree or over." He states that during this time he was forced to urinate in a bottle and hold his bowels. He also states that he became very dehydrated because of the medication he takes and was forced to drink water out of his toilet. He alleges that when Defendant Cruchfield saw him, he just told him not to drink out of the toilet, even though Plaintiff explained to him that he felt he was going to faint, it was hard to breathe, and it was hard to swallow.

Plaintiff states that during the same period of time he asked to see "medical" but was denied. He alleges that he was told that upon Defendant Howard's order he was only allowed outside of his cell to shower, for recreation, for court, or to go to medical.

According to the complaint, Plaintiff asked Defendant Fuller and the medical nurse if he could be moved to another cell or "wallbox" until his cell was fixed but that his request was denied. He states that he also asked the deputies if they could post something on his door to alert the other deputies that he needed to leave his cell to urinate and to have them bring him water to drink, but he was denied.

Plaintiff alleges that his request to see a psychiatrist was denied because CCJ does not have one. He states that he was told that "[b]ecause of Colonel Steve Howard['s] policy . . . [no psychiatrist] is available." He also states that his request to be seen by his own psychiatrist was denied as against CCJ's policy. He states that he sometimes feels paranoid and has other symptoms and has had two "breakdowns" in the past.

Plaintiff alleges that Defendant Fuller knew that he was "not being treated as equal as others in 920."

As relief, Plaintiff requests monetary damages

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Title II of the CRA

The complaint does not establish a plausible claim under Title II of the CRA, 42 U.S.C. §§ 2000a-2000a-6, because damages are not an available remedy under Title II. *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under that Title, he cannot recover damages.") (per curiam); *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 241 (6th Cir. 1990) (finding that "Title II only permits the issuance of an injunction and declaratory relief." Therefore, his Title II claim will be dismissed for failure to state a claim upon which relief may be granted.

*B. Fourth Amendment*

Plaintiff alleges violations of the Fourth Amendment.  However, he fails to explain how this amendment applies to his claims except to refer to the clause "to be secure in there person and houses."  "[T]he district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The Court will dismiss this claim for failure to state a claim.

*C. Eighth Amendment*

Because Plaintiff is a pretrial detainee, the Eighth Amendment does not apply.  The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides protections to pretrial detainees.  *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)).  Consequently, Plaintiff's Eighth Amendment claims will be dismissed for failure to state a claim.

*D. Fourteenth Amendment*

The Court reads the complaint as alleging Fourteenth Amendment claims regarding conditions of confinement and for deliberate indifference to a serious medical need, *i.e.*, Plaintiff's mental illness and becoming dehydrated due to the medication he takes.

Plaintiff's claims against the Christian County Fiscal Court and the employees of the CCJ in their official capacities are really against Christian County itself.  *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the

4

Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

A municipality, like Christian County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). This analysis also applies to a private medical provider, such as Advance Healthcare Medical, which contracts with a jail to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Id.* at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

The only action which the complaint attributes to a policy is the denial of his request to see a psychiatrist. The Court will allow Plaintiff's claim that his request to see a psychiatrist was denied due to the policies of CCJ to continue.

Plaintiff also refers to his equal-protection right being violated. He states that Defendant Fuller knew that he was "not being treated as equal as others in 920." The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause is "in essence 'a direction that all persons similarly situated should be treated alike.'" *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (*quoting City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Thus, the threshold element of an equal-protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Plaintiffs must allege that the government treated them disparately as compared to "similarly situated persons." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011); *see also Tree of Life Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) (explaining that plaintiff must be similarly situated to his comparators "in all relevant respects") (internal quotation marks and citation omitted). "[T]o establish an equal protection violation, a plaintiff must establish more than differential treatment alone—a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977)). Thus, Plaintiff adequately states an equal protection claim if he alleges that (1) he was treated disparately from similarly situated prisoners, and (2) the disparate treatment "is the result of intentional and purposeful discrimination." *Robinson*, 615 F. App'x at 314-15.

Here, Plaintiff does not contend that he was treated differently than other inmates because of his race or his disability. Furthermore, even if Plaintiff had alleged that he was treated differently than other detainees, he provides no information about any comparators. For

example, Plaintiff does not allege that favoritism was shown to non-African American or non-disabled inmates being kept in a cell with the mechanical issues his cell was having. Thus, he has not alleged that Defendants "intentionally discriminated against him because of his membership in that protected class." *McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003). Consequently, the Court finds that Plaintiff fails to state a colorable equal-protection claim under the Fourteenth Amendment.

**E. ADA**

It is well established that the ADA applies to prisoners. *Key v. Grayson*, 179 F.3d 996, 997 (6th Cir. 1999). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A prisoner also may maintain a claim for failure by prison officials to provide reasonable accommodations (in addition to claims for intentional discrimination on the basis of disability) under Title II of the ADA. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 353 (6th Cir. 2015); *Larson v. Eppinger*, No. 2:20-CV-4997, 2021 WL 2659998, at *6 (S.D. Ohio June 29, 2021).

The Court finds that Plaintiff has alleged sufficient facts to state a claim for violation of the ADA against Christian County based on CCJ's alleged failure to provide him with reasonable accommodations for his physical and mental disabilities.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims under Title II of the Civil Rights Act, the Fourth Amendment, the Eighth Amendment, and the Equal Protection Clause are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Memorandum Opinion and Order Plaintiff may amend his complaint to name Defendants in their individual capacities.

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of both pages numbered 2 of the complaint form which are part of his complaint with this case number and "AMENDED" affixed thereto as well as a copy of the *Pro se* Prisoner Handbook.

Additionally, Plaintiff filed a motion to amend the complaint (DN 8). His motion is **GRANTED**. *See* Fed. R. Civ. P. 15(a). The Clerk of Court is **DIRECTED** to add the exhibit attached to DN 8 (DN 8-1) as an exhibit to the complaint.

After the 30-day period for amending the complaint has run, the Court will enter a Service and Scheduling Order to govern the development of the claims allowed to proceed in this case.

Date: February 7, 2022

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Christian County Attorney
4413.009